**In re MIKLAS, Kestutis K., Jr. a/k/a: Miklas, Casey K. Miklas, Abbie J., Debtors.**

No. 96–16844–9P3.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

June 26, 2001.

Edward Miller, Richard Hollander, Naples, FL, for debtors.

Peter T. Wlasuk, Naples, FL, for movants.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

## ORDER ON MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this confirmed Chapter 13 case is a Motion for Sanctions (Doc. # 55) filed by Kestutis K. Miklas, Jr. and Abbie J. Miklas (Debtors) on September 25, 2000. The events preceding the filing of the Motion are somewhat confusing; thus a brief recap of this Chapter 13 case would be appropriate.

The record reveals that the Debtors filed their Voluntary Petition under Chapter 13 of the Code on December 6, 1996. On February 28, 1997, Jo Ann Andersen (Ms. Andersen), through her attorney Ann T. Frank (Ms. Frank), filed a secured claim in the amount of $149,277.10 (Claim No. 30). On March 14, 1997, Ms. Andersen filed a Motion and sought relief from the automatic stay. In her Motion she sought relief in order to continue and conclude a foreclosure action against property of the Debtors which she had filed in the Circuit Court of Collier County, Florida, on September 16, 1996. On April 11, 1997, this Court entered an Order granting her Motion and authorized Ms. Andersen to proceed with the foreclosure action. On April 21, 1997, the Debtors filed a Motion and sought relief from the Order granting Ms. Andersen's relief from the automatic stay. The Debtors in their Motion contended that the Order submitted granting the Motion for Relief from Stay failed to specify that the relief granted was only *in rem* relief and did not reflect that Ms. Andersen was not permitted to seek and obtain an *in personam* judgment against the Debtors.

On April 24, 1997, Ms. Andersen through her attorney filed an Objection to the Debtors' Motion for Relief from the Order. In her Motion she contended that she was entitled to an *in personam* deficiency judgment against the Debtors, that she is the holder of the second mortgage and there would be a deficiency after the foreclosure was concluded. Ms. Andersen also set forth in the Motion that she would file an Objection to Debtors' Plan because no provision has been made for any deficiency and Debtors indicated that they would surrender the secured assets, which has not been done. Her Motion also stated that she intended to file a Motion to value the property. On May 12, 1997, Ms. Andersen through her attorney filed an Objection to the Debtors' plan.

On May 20, 1997, this Court entered an Order and granted the Debtors' Motion for Relief from the Order which granted relief from stay and provided that Ms. Andersen may not seek or obtain an *in personam* money judgment against the Debtors. On May 30, 1997, the confirmation of the Chapter 13 plan was scheduled to be held before the undersigned for July 7, 1997. The notice of confirmation hearing was mailed to all parties listed on the matrix, including Ms. Andersen c/o her attorney Ann T. Frank (Doc. No. 33). On September 24, 1997, this Court entered an Order continuing and rescheduling the confirmation to November 6, 1997 (Doc. No. 47), a copy of which was mailed to all creditors

on the matrix, including Ms. Andersen in c/o Ms. Frank.

It appears that even though Ms. Andersen filed an Objection to the Plan filed by the Debtor, neither she nor her attorney appeared at the Confirmation hearing to argue in support of her Objection. The Order of Confirmation was entered on November 20, 1997. On December 5, 1997, this Court entered its Order Allowing and Disallowing Claims & Disbursements (Doc. No. 49). This Order allowed all secured claims, including without specifying, the secured claim of Ms. Andersen. The record is devoid any evidence that Ms. Andersen ever sought to value her collateral pursuant to Section 506 of the Code, nor did she file an amended unsecured deficiency claim in this Chapter 13 case. The Order of Confirmation was not challenged by Ms. Andersen either by a Motion for Rehearing or by a timely filed Notice of Appeal. As noted, the Plan as confirmed did not make any provision to pay any deficiency claim of Ms. Andersen.

On September 25, 2000, the Debtors filed a Motion and sought an imposition of sanctions against Ms. Andersen and her current attorney, Peter T. Wlasuk, Esquire (Mr. Wlasuk). In their Motion, the Debtors contend that Ms. Andersen and Mr. Wlasuk, with full knowledge of the pending Chapter 13 case, filed a lawsuit on September 5, 2000, in the United States District Court for the Middle District of Florida, Ft. Myers Division, styled *Jo Ann Andersen v. Victor E. Mathurin, et al.,* Case No. 2:00–CV–381–FTM–29D, in which the Debtors and Ann T. Frank, Esq. were named as defendants.

The suit filed in the District Court asserted a total of twenty-two claims for relief, including violations of the Securities Exchange Act, theft and conversion claimed against the Debtors. Ms. Andersen asserts that the debt owed by the Debtor to her was a nondischargeable debt because it was the result of securities fraud on behalf of the Debtors, and a violation of any provision of the Securities Exchange Act is not dischargeable.

In their Motion for Sanctions, the Debtors contend that the suit is nothing more than an attempt to collect a debt, which is stayed by the "automatic stay" (sic). Further, that the conduct of Ms. Andersen and Mr. Wlasuk was a deliberate and contumacious disregard of this Court's previous Orders and a deliberate attempt to collect a prepetition debt, which already has been adjudicated by this Court. It is further alleged in the Motion that Ms. Andersen and Mr. Wlasuk have been besmirching the name of the Debtors in an attempt to force them to make payment on a claim which Ms. Andersen believes is due and this conduct is a violation of the automatic stay. According to the certificate of service, the Motion was served on Ms. Andersen and Mr. Wlasuk on the 21st day of September 2000.

The Motion for Sanctions was scheduled to be held before the undersigned on November 16, 2000. According to the certificate of service by the Clerk, the notice was mailed to all parties of interest except to Ms. Andersen and Mr. Wlasuk. Having failed to appear at the scheduled hearing, this Court entered an Order on November 22, 2000, finding that Ms. Andersen's and Mr. Wlasuk's conduct was willful. The Order further provided for Ms. Andersen and Mr. Wlasuk to cause the dismissal of the lawsuit pending in the District Court and furnish proof of the dismissal and serve same on Debtors' counsel within ten days from the date of the Order. In addition, the Order also sanctioned Mr. Wlasuk and ordered him to pay $1,000.00 to Mr. Richard J. Hollander's trust account within ten days from the date of the Order.

On December 4, 2000, Ms. Andersen filed a Motion for Reconsideration/Relief from Stay of the Order entered by this Court on November 22, 2000, which imposed sanctions on Mr. Wlasuk. On December 13, 2000, this Court granted the Motion for Rehearing filed by Ms. Andersen and Mr. Wlasuk based on the lack of service of the Motion, vacated the Order imposing the sanction, and rescheduled Debtors' Motion for Sanctions for hearing on January 4, 2001.

The record further reveals that on February 9, 2001, this Court entered its Order Granting Debtors' Motion to Vacate Order Granting Debtors' Motion for Sanctions; Granting Jo Ann Andersen's Motion for Reconsideration and, if Necessary, Request for hearing; and Continuing Hearing on Debtors' Motion for Sanctions. On March 29, 2001, this Court entered an Order which denied the Motion for Reconsideration/Relief from Stay but Ordered Ms. Andersen to file a Motion for Relief from Stay within ten days from the date of the Order.

On April 12, 2001, Ms. Andersen filed a Motion and sought to reinstate the relief from stay/declaratory relief. The Motion set forth several different matters, none of which are relevant to any matter under consideration. For instance, in her Motion Ms. Andersen contends that the debt owed by the Debtors was not dischargeable under 11 U.S.C. § 523 because the debt arose not from a "simple consumer transaction" (sic) but instead constitutes a debt that arose from securities fraud and other fraud or wrongful acts as alleged in the District Court suit. According to Ms. Andersen, the debt is nondischargeable pursuant to the provisions of § 523(a)(2)(A), § 523(a)(4) and § 523(a)(6). Based on the foregoing, Ms. Andersen contends that the automatic stay does not apply and she is entitled to the relief requested so that she may pursue these claims in the District Court against the Debtors.

In addition, Ms. Andersen in her Motion also sets forth that some of the conduct and acts by the Debtors which she claims arose independently of her claims and after the commencement of the case are postpetition claims which are not stayed under § 362(a)(1) and may be brought without obtaining relief from the automatic stay. In the last paragraph, Ms. Andersen contends that while it is true that the Complaint was filed in the District Court, it was never served on the Debtors because the Debtors refused and failed to execute a waiver of summons. And for this reason, there is currently no pending action against the Debtors and they are not obligated to file any responsive pleading to the Complaint. She further sought an Order from this Court determining that if she formally serves the Debtors with the District Court lawsuit, she will not be violating the automatic stay or modified stay issued by this Court. In the *wherefore* clause Ms. Andersen requested that this Court reinstate its April 11, 1997 Order granting relief from stay, or, in the alternative for declaratory relief.

On April 23, 2001, the Debtors filed a response to the Motion and set forth certain affirmative defenses. The Debtors seek an Order denying the Motion to Reinstate Stay and for an imposition of sanctions against Ms. Andersen and Mr. Wlasuk for attorney's fees and costs pursuant to Bankruptcy Rule 9011(sic) and this Court's inherent power pursuant to § 105(a).

To further complicate or confuse the matter, Ms. Andersen, through her attorney, filed a Motion to disqualify Richard J. Hollander (Mr. Hollander) of the law firm of Miller and Hollander.

It should be noted at the outset what is and what is not involved in the present

matter under consideration pending before this Court. This is not a litigation to determine the dischargeability, *vel non*, of a debt owed by the Debtor to Ms. Andersen. Neither does the matter involve an alleged violation of the Federal or State Securities laws by the Debtors although by virtue of a defense raised it also involves indirectly the question whether a suit filed against the Debtor who is now in the process of consummating a confirmed Chapter 13 plan, is protected by the automatic stay. Lastly, it is also intimated that at least one of the claims asserted against the Debtor by Ms. Andersen arose postpetition, therefore any enforcement of same is not protected by the automatic stay.

What is involved in the matter before this Court is the Debtors' Motion for Sanctions for alleged violation of the automatic stay by filing a lawsuit against the Debtor, albeit a lawsuit which is yet to be served on the Debtors.

■ Considering these defenses seriatim it is unnecessary to belabor the obvious and to cite extensive authorities to support the proposition that the dischargeability, *vel non*, of the Debtor based on fraud under Sections 523(a)(2)(A) or (B), or under 523(a)(4) can no longer be litigated simply because Ms. Andersen did not file a complaint pursuant to Section 523(c) within the time provided for by F.R.B.P. 4007(c). Consequently, the claim based on fraud has been discharged and is no longer open for question.

■ The next defense asserted by counsel for Ms. Andersen, that violation of securities laws is nondischargeable, is equally baseless. The dischargeability of debts is determined exclusively by Section 523(a) and there is nothing in this Section which excludes from the protection of the discharge liabilities based on alleged violation of the securities laws.

■ The proposition urged by counsel for Ms. Andersen that the dischargeability, *vel non*, of a debt may be unilaterally determined by the creditor's belief is patently absurd. It is elementary that unless such claim is litigated by a timely filed complaint in the Bankruptcy Court, the creditor is forever foreclosed to attempt to enforce a claim based on fraud.

The defense asserted that the claim of Ms. Andersen is not protected by the automatic stay because it arose postpetition and possibly postconfirmation is equally without merit. The gravamen of her complaint is that the Debtor switched the promised collateral which, although recovered by Ms. Andersen, turned out to be "utterly worthless junk." It is clear from this record that if Ms. Andersen was defrauded, it occurred prepetition. And if her claim was based on an unauthorized disposition of or concealment of her collateral, then it might be excepted from the protection of a discharge pursuant to Section 523(a)(6) of the Code. But again, she is forever foreclosed to litigate this claim under this Section since she failed to seek an exception to the discharge of the Debtor by filing a timely complaint as required by Section 523(c) of the Code.

■ The last contention, that the automatic stay does not protect a Chapter 13 Debtor against collection efforts by creditors to collect a claim which is alleged to be a postpetition claim, is equally without support. The automatic stay continues and remains in effect during the pendency of a case and is not terminated until the case is closed, the case is dismissed, or in this instance until the discharge is granted or denied. In the present instance the Debtor will not receive the discharge pursuant to Section 1328 until the confirmed plan is completed, and all payments under the Plan are made. Therefore, there is no

question that the automatic stay is still viable and protects the Debtor against collection efforts of prepetition and postpetition debts.

Lastly, counsel for Ms. Andersen also contends that she did not violate the automatic stay because she could file a lawsuit against the Debtor without leave of Court. This Court is satisfied that this proposition is without merit.

■ This record leaves no doubt that Ms. Andersen, who actively participated in this Chapter 13 case from the very beginning, was fully aware of the pendency of the Chapter 13 case. She filed an Objection to the Plan but she failed to pursue it. She did not seek reconsideration of the Order of Confirmation, nor did she file a timely notice of appeal challenging the Order of Confirmation. Thus all claims she had against the Debtor have been subsumed in the confirmed Plan. Since the Plan did not provide for any payment of her claim as filed she is now forever barred to attempt to collect her claim against the Debtor.

The contention that Ms. Andersen is nevertheless entitled to pursue an unsecured deficiency claim since she did not get the collateral she was promised is of no consequence. As noted earlier, she never filed a Motion to value collateral, a bifurcated claim, or a deficiency unsecured claim prior to the expiration of the time in which to do so, April 3, 1997.

■ In sum, it is clear that she did violate the automatic stay and, therefore, pursuant to Section 362(h) the Debtor would be entitled to recover actual damages including costs and attorney's fees. The unusual feature of this case is that the Complaint, while filed in the United States District Court as noted earlier, was never served on the Debtors. Thus, theoretically, they are not required to engage the services of an attorney to plead or assert any defenses to the Complaint filed against them. Thus, it appears from the foregoing that the only damages which would be compensable would be the attorney's fees they incurred in connection with filing the Motion for Sanctions, and the post-hearing briefs prepared in support of the Motion.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtors' Motion for Sanctions be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that counsel for the Debtors shall submit an itemized statement setting forth (1) the hourly rate sought and total time spent in connection with this sanction litigation, including preparation of the briefs and (2) reimbursable costs sought in connection with this matter. Upon receipt of the submission the same shall be served on counsel for Ms. Andersen who shall be entitled to challenge any items set forth in the submission within 10 days of having received a copy of the submission. If any Objection is filed, the matter shall be set for a hearing before the undersigned. If no Objection is filed, this Court will determine the reasonable amount of sanctions to be imposed for violation of the automatic stay by Ms. Andersen and Mr. Wlasuk, said sanctions to be imposed upon Ms. Andersen and Mr. Wlasuk jointly, and severally.